```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BARRY PLAISANCE                              CIVIL ACTION

VERSUS                                       NO: 07-8440

AIRGAS-GULF STATES, INC. AND XYZ             SECTION: "R"(1)
INSURANCE COMPANY
```

**ORDER AND REASONS**

Before the Court is defendant Airgas-Gulf States, Inc.'s motion to dismiss. For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

**I.   BACKGROUND**

Plaintiff, Barry Plaisance, sued Airgas-Gulf States, Inc. on July 5, 2007 in state court in Louisiana.  Plaintiff alleged that Airgas wrongfully terminated his employment.  On September 10, 2007, Airgas filed an exception of no cause of action in state court on the basis that Plaisance was an employee at will.  On October 3, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that Airgas terminated him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), because he was replaced by a younger employee. (Def.'s Mot. Dismiss, Ex. C.)  The EEOC sent a Notice of Charge of Discrimination to Airgas on October 10, 2007.

(Def.'s Mot. Dismiss, Ex. D.)  To date, the EEOC has not made a determination on plaintiff's ADEA claim.

On November 2, 2007, plaintiff filed a supplemental and amending petition in state court alleging that he was wrongfully terminated by the defendant and that he "was the subject of age discrimination by his employer ... pursuant to Title VII of the Civil Rights Act of 1964." (Amend. Compl. ¶ 30.)  Plaintiff did not specifically assert a claim under the ADEA in either his original or his amended petition.  Airgas removed the case to this court on November 9, 2007.

Airgas filed this motion to dismiss plaintiff's federal and state law claims of discrimination under Federal Rule of Civil Procedure 12(b)(1), or alternatively, Rule 12(b)(6).  Airgas contends that plaintiff has not satisfied the statutory prerequisites for bringing suit under Title VII or the Louisiana Employment Discrimination Law, and therefore he is barred from pursuing his employment discrimination claims.  Plaintiff contends that he has complied with the statutory prerequisites of these statutes and has satisfied the requirements to maintain this action.  The Court addresses these arguments as follows.

## II. LEGAL STANDARD

Defendant seeks dismissal of the instant action pursuant to Rule 12(b)(1), or alternatively Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Rule 12(b)(1) requires dismissal if the court lacks jurisdiction over the subject matter of the plaintiff's complaint.  Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Lopez v. City of Dallas*, *Tex*, 2006 WL 1450520, *2 (N.D. Tex. 2006).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Id.; see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). *See also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See*

*Garcia*, 104 F.3d at 1261. A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt*, 561 F.2d at 608.

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).

**III. DISCUSSION**

**A.   Title VII**

It is a well-settled rule of administrative law that a plaintiff must exhaust available administrative remedies before he or she files a complaint in federal court under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994); *Stith v. Perot Systems Corp.*, 122 Fed. Appx. 115, 118 (5th Cir. 2005). Administrative review of a Title VII claim is a condition precedent to judicial review of that claim. *See, e.g.,*

*Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997).  A plaintiff complies with the exhaustion requirement when he "files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378-79 (5th Cir. 2002) (*citing Dao v. Auchan Supermkt.*, 96 F.3d 787, 788-89 (5th Cir. 1996)).

    Here, Plaisance has not satisfied either prong of the Title VII exhaustion requirement.  Plaintiff did not file a charge of discrimination with the EEOC for defendant's alleged violations of Title VII.  Rather, he filed a charge asserting only violations of the ADEA.  Only claims that would have been reasonably included in an EEOC investigation into a plaintiff's claims may be part of a subsequent lawsuit. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).  Title VII does not protect against age discrimination, therefore the ADEA charge plaintiff filed with the EEOC would not have triggered an EEOC investigation regarding Title VII violations.  Further, plaintiff has not received a right-to-sue letter from the EEOC. Accordingly, the Court dismisses Plaisance's Title VII claims without prejudice for failure to exhaust his administrative remedies. *See also Nat'l Ass'n of Gov't Employees,* 40 F.3d at 711 ("Courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative

remedies."). Although the Court dismisses this claim without prejudice, it would be futile for plaintiff to bring a Title VII claim against defendant for age discrimination because Title VII does not protect against age discrimination. *See* 42 U.S.C. § 2000(e)-2(a) (providing under Title VII that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*.") (emphasis added).

    **B.  ADEA**

Plaintiff does not specifically allege that defendant violated the ADEA in either his original or his amended complaint, although he does allege that he was the subject of age discrimination. (Amend. Compl. ¶ 30.)  He also alleges that he was replaced by "an individual who had less qualifications, who was younger, and had been employed .. for a shorter time than the plaintiff." (*Id.* ¶ 31.)  Plaintiff further states in his opposition to the motion to dismiss that "he suffered damage through the defendant's ... blatant disregard of the Age Discrimination Employment Act of 1967." (Pl.'s Opp'n at 2.)  It is clear that plaintiff seeks to pursue an ADEA claim against defendant.

Filing a charge with the EEOC is a condition precedent to the filing of a Title VII or ADEA suit. *See Stith*, 122 Fed. Appx. at 118. To file an action complaining of age discrimination, Plaisance also had to wait 60 days after bringing the EEOC charge before filing suit in court. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). Plaintiff filed his charge of discrimination on October 3, 2007, after he had sued Airgas in state court, and less than 60 days before he filed his amended complaint. Accordingly, plaintiff has not exhausted the administrative remedies required by the ADEA.

This Court has previously held that when a plaintiff files a premature complaint alleging violations of the ADEA, the appropriate remedy is not dismissal, but rather to stay the claim. *See Reed v. Northrop Grumman Ship Systems, Inc.*, 2004 WL 2115596, *3-4 (E.D. La. 2004). Because plaintiff filed his amended complaint 30 days after his EEOC charge was submitted on October 3, 2007, the Court will stay consideration of plaintiff's ADEA claim for 30 days, the number of days by which his lawsuit was premature, to ensure that the EEOC has had adequate time to investigate and to attempt to rectify plaintiff's complaint. *See*

*id.* at *4 (citing *Gelover v. Lockheed Martin*, 971 F. Supp. 180, 182 (E.D. Pa. 1997); *Strange v. Nationwide Mut. Ins. Co.*, 867 F. Supp. 1209, 1213 (E.D. Pa. 1997)). At the end of the 30-day period, either party may file the appropriate motion to lift the stay. Further, plaintiff is granted leave to file an amended complaint within seven days after the stay is lifted to specify under what federal statute(s) he seeks to pursue his claim of age discrimination.

**B. Louisiana Employment Discrimination**

Plaintiff's state law discrimination claim also suffers from a procedural defect. Louisiana Revised Statute 23:303(C) provides in relevant part:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of the fact at least thirty days before initiating court action, shall detail the discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. 23:303(C). Compliance with the notice component of this statute requires the plaintiff to give written notice, within thirty days before he or she files suit, of the plaintiff's intent to sue and the details of the alleged discrimination. *Schildkraut v. Bally's Casino New Orleans*, LLC, 2004 WL 2348321 at *11 (E.D. La. 2004). Some courts have held that the filing of an EEOC charge of discrimination may serve as the written notice

required by Section 23:303(C) if it "effectively accomplishe[s] the same goals as the statutory notice under the state law." *See id.* (citing *Trahan v. Lowe's, Inc.*, 2002 WL 1560272, at *6 (E.D. La. 2002); *Parquet v. Universal Health Servs., Inc.,* 2003 WL 145429, at *4 (E.D. La. 2003)).  Here, there is no evidence that Plaisance complied with the literal terms of Section 23:303(C).  The statute does not provide any penalty for noncompliance with this section.  However, at least one Louisiana court and a number of federal district courts in Louisiana have held that an employment discrimination claim must be dismissed if the plaintiff failed to comply with the notice provision of section 23:303(C). *See Trahan*, 2002 WL 1560272, at *6 (citing cases); *Schildkraut*, 2004 WL 2348321 at *11; *Casey v. Livingston Parish Communications Dist.*, 476 F. Supp. 2d 600, 608 (M.D. La. 2007); *Simpson-Williams v. Andignac*, 902 So. 2d 385, 388 (La. App. 2005).  Although counsel for the plaintiff contends that he sent a letter to the Human Resource Department of Airgas, he has not attached evidence, such as a copy of the letter or an affidavit attesting that he sent the letter.  Further, plaintiff filed his EEOC charge of discrimination after he had sued the defendant, therefore it did not accomplish the same goals as statutory notice under state law, including giving the parties an opportunity to resolve the dispute.  Accordingly, plaintiff's

9

Louisiana Employment Discrimination Law claim is dismissed without prejudice.  The parties are to make a good faith effort to resolve the dispute before plaintiff re-alleges this claim. *See* La. R.S. § 23:303(C) (requiring good faith settlement efforts before initiating court action).

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss.  Plaintiff's Title VII and Louisiana Employment Discrimination Law claims are dismissed WITHOUT PREJUDICE.  Plaintiff's ADEA claim is stayed for a period of thirty days from the date of this order.

New Orleans, Louisiana, this 10th day of April, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE